UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL CASSAMAS, MICHAEL FORBES, and JOHN MACMASTER, on behalf of themselves and other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>HALLKEEN MANAGEMENT, INC.; HALLKEEN ASSISTED LIVING COMMUNITIES LLC; PROSPECT HOUSE GROUP LLC; HALLKEEN ASSISTED LIVING LLC; and PROSPECT HOUSE ASSOCIATES LIMITED PARTNERSHIP,<br><br>Defendants. | CIVIL ACTION NO.<br>1:24-CV-12574-ADB |

ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT, SCHEDULING HEARING FOR FINAL APPROVAL, AND APPROVING THE PROPOSED FORM AND PROGRAM OF NOTICE TO THE CLASS

**THE PARTIES** to the Class Action Settlement Agreement dated June 16, 2025 ("Agreement"), by and between Michael Cassamas and Michael Forbes (collectively, "Plaintiffs"), and HallKeen Management, Inc.; HallKeen Assisted Living Communities LLC; Prospect House Group LLC; HallKeen Assisted Living LLC; and Prospect Housing Associates Limited Partnership (collectively "Defendants"), having applied for an Order preliminarily approving the proposed Settlement of this matter and having requested preliminary class certification, a fairness hearing, and Court approval of the parties' plan for providing notice to the class;

**AND THE COURT** having reviewed and considered the motion as well as the Agreement and its accompanying documents, and in light of the parties having consented to the entry of this Order;

**AND UPON GOOD CAUSE** appearing;

**NOW, THEREFORE**, this 1st day of July, 2025, upon application of the parties,

**THE COURT HEREBY ORDERS THAT:**

1. Except for the terms defined herein, the Court adopts and incorporates the definitions in the Agreement for the purposes of this Order.

2. The Settlement Class as defined in the Agreement appears to meet the requirements of Fed. R. Civ. P. 23(a) and (b) and is preliminarily certified for all purposes consistent with the Agreement and this Order.

3. The motion for Preliminary Approval of the proposed settlement is GRANTED. The Court finds that the Agreement was entered into at arm's length by experienced counsel, after an arm's-length mediation process with mediator Eric Van Loon of JAMS, Inc., and is sufficiently within the range of reasonableness that notice of the settlement to the members of the Settlement Class should be given as provided in this Order.

4. The proposed settlement, having been preliminarily approved, will be subject to consideration at the Fairness Hearing as set forth below.

5. The Court hereby appoints the following law firms as Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are satisfied by this appointment:

    a. Greater Boston Legal Services, Inc.

      b. Morgan, Lewis & Bockius, LLP

6. Plaintiffs Michael Cassamas and Michael Forbes are hereby appointed as Representatives of the Settlement Class.

7. The Court has jurisdiction over the subject matter of this Action and personal jurisdiction over all the Parties, including all members of the Settlement Class.

8. A Fairness Hearing will be held on October 30, 2025 at 9:00 a.m. in Courtroom 17 of this Courthouse before the undersigned, to consider the fairness, reasonableness and adequacy of the Agreement ("Fairness Hearing"). The foregoing date, time and place of the Fairness Hearing shall be set forth in the Notice ordered herein, but shall be subject to adjournment or change by the Court without further notice to the members of the Settlement Class other than that which may be posted at the Court and on the Court's website. At the Fairness Hearing, the Court will determine:

    i. Whether the Settlement Class can be finally certified pursuant to Rule 23(a) and (b)(2) for the purposes set forth in the Agreement;

    ii. Whether the proposed settlement of this Action on the terms and conditions provided for in the Agreement is fair, reasonable, and adequate as to the Settlement Class and should be finally approved;

    iii. Whether judgment, as provided for in the Agreement, should be entered;

    iv. The amount of fees and costs to be awarded to Class Counsel; and,

    v. The amount of service payments to be awarded to the Class Representatives.

9. The Court reserves the right to approve the Agreement at or after the Fairness Hearing with such modifications as may be consented to by the Parties and without further notice to the Settlement Class.

10. The Court authorizes Class Counsel and the Class Representatives, on behalf of the Class, to enter into the Agreement and to take all appropriate actions required or permitted to be taken on behalf of the Settlement Class pursuant to the Agreement to effectuate its terms.

11. The costs of administering the settlement, including the costs of notice, shall be borne by the Defendants pursuant to the terms of the Agreement.

12. The Court finds that the notice provisions set forth in the parties' Notice Plan – contained in Section G of the Agreement – constitute the only Notice required. The Court further finds that such a Notice Plan satisfies the requirements of due process, the Federal Rules of Civil Procedure and any other applicable laws and rules, constitutes the best notice that is practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

13. The Court approves the form and content of the proposed Notice attached as Exhibit B to the Agreement ("Notice").

14. The Defendants shall implement the Notice Plan within fourteen (14) days of this Order and shall certify to the Court no later than twenty (20) days thereafter, by August 4, 2025, that the Notice Plan has been effectuated.

15. The Court approves the exclusion procedure set forth in Section H of the Agreement. Any Settlement Class Member may seek to be excluded from the Settlement. Any Settlement Class Member so excluded shall not be bound by the Agreement. The

   deadline for and manner in which an exclusion request shall be prepared and delivered is explained in the Notice and is approved by the Court.

16. Absent a Court Order to the contrary, any Settlement Class Member who does not file a valid and timely request for exclusion shall become a Settlement Class Member and shall be bound by all proceedings, orders and judgments of the Court pertaining to the Class, including the Final Judgment and Order of Dismissal dismissing with prejudice all claims of Settlement Class Members, and the release of claims as set forth in the Agreement.

17. The Court approves the Objection procedure set forth in Section I of the Agreement. Objections, as set forth in the Agreement, must be filed with the Court and served on Class Counsel and Defendants' counsel no later than thirty (30) days before the Fairness Hearing. The deadline for and manner in which an Objection shall be prepared, filed, and delivered is explained in the Notice and is approved by the Court.

18. Only Settlement Class Members may object to the settlement. A Settlement Class Member who submits a request for exclusion shall not be entitled to object to the settlement. If a Settlement Class Member submits both an exclusion and an objection, the objection shall be deemed to be invalid.

19. Any Settlement Class Member who files a timely Objection in compliance with the procedures set forth in the Notice Plan (including, among other things, the requirements for service of the objection upon Class Counsel and counsel for the Defendants) shall have a right to appear and be heard at the Fairness Hearing. Class Counsel and Defendants' counsel may, but need not, respond to any such Objection.

20. Any Settlement Class Member who does not assert his or her Objection in the manner provided for in the Notice Plan shall be deemed to have waived such Objection (including any right of appeal) and shall forever be foreclosed from making any Objection to the fairness, reasonableness, or adequacy of the settlement or award of attorneys' fees to Class Counsel, unless otherwise ordered by the Court.

21. The Defendants shall account for all requests for exclusion and all written communications relating to the settlement that the Defendants receive from Settlement Class Members or others. Defendants shall file with the Court and serve on Plaintiffs a list of Settlement Class Members who have requested exclusion no later than fourteen (14) days prior to the date of the Fairness Hearing. All other material written communications concerning the Settlement received by Defendants will be filed with the court by the same date if such communications may be considered an Objection or Exclusion. At the Fairness Hearing, the Parties may object to treatment of such communication as an Objection or Exclusion if such communication does not meet the procedural requirements of the Settlement Agreement as set forth in the Notice or for any other reason.

22. Defendants shall cause notice of the proposed Settlement that meets the requirements of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, to be served on the appropriate federal and state officials. Defendants shall file a certification with the Court by July 11, 2025 indicating the date that such CAFA notices were sent.

23. No less than ten (10) days prior to the date set for the Fairness Hearing in this Order, Class Counsel shall move the Court for Final Approval of the Agreement and for

approval of attorneys' fees and costs, an action which shall include the filing of supporting memoranda, declarations, and documentation that support these requests.

24. Plaintiffs shall file with the Court a motion for Final Approval of the Agreement, along with a proposed Final Approval Order substantially in the form of Exhibit D to the Agreement. If the settlement is not given final approval for any reason or in any way (except for the award of attorneys' fees), or the Agreement is rescinded and terminated, the parties shall be restored to their respective positions in the Action as of the approximate date prior to which the agreement-in-principle to settle the Action was reached. This Order shall become null and void if:

   i. the proposed settlement is not finally approved by the Court;
   ii. the proposed settlement is terminated for any other reason;
   iii. Final Judgment is not entered for any reason. In such event, the terms and provisions of the Agreement shall have no further force and effect with respect to the parties.

25. The existence of the Agreement, its contents, and any negotiations, statements, or proceedings in connection therewith, shall not be offered or admitted into evidence or referred to, interpreted, construed, invoked, or otherwise used by any person for any purpose in the Action or otherwise, except as may be necessary to enforce or obtain Court approval of the Settlement. Notwithstanding the foregoing, any of the Released Parties may file the Agreement, or any judgment or order of the Court related thereto, in any other action that may be brought against them, in order to enforce the Release.

26. All proceedings in this Action are hereby stayed, except those proceedings required by or provided for by the Agreement.

27. The deadlines set forth in this Order shall be as follows:

| Event | Proposed Deadline | Date |
|---|---|---|
| Deadline to File Certification of Notice pursuant to CAFA | No later than 10 days after Preliminary Approval Order | July 11, 2025 |
| Deadline to Implement Notice Plan | No later than 14 days after Preliminary Approval Order | July 15, 2025 |
| Deadline for Defendants to File Compliance with Notice Plan | No later than 20 days after Notice Plan is fully implemented | August 4, 2025 |
| Opt-Out Postmark Deadline | 30 days after mailing of first Notice | August 14, 2025 |
| Claims Form Postmark Deadline | 60 days after mailing of first Notice | September 13, 2025 |
| Deadline for Objections to be Filed | 30 days before Fairness Hearing | September 30, 2025 |
| Deadline for Defendants to File Exclusions and Class Communications | No later than 14 days before Fairness Hearing | October 16, 2025 |
| Deadline for Class Counsel to File Papers in Support of Final Approval | No later than 10 days before the Fairness Hearing | October 20, 2025 |
| Final Fairness Hearing |  | October 30, 2025 |

28. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Class other than that which may be posted at the Court and on the Court's website.

**IT IS SO ORDERED.**

/s/ Allison D. Burroughs
**HON. ALLISON D. BURROUGHS**
**UNITED STATES DISTRICT JUDGE**

8