UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL CASSAMAS, MICHAEL FORBES, and JOHN MACMASTER, on behalf of themselves and other similarly situated persons,<br><br>*Plaintiffs*,<br><br>v.<br><br>HALLKEEN MANAGEMENT, INC., HALLKEEN ASSISTED LIVING COMMUNITIES LLC, PROSPECT HOUSE GROUP LLC, HALLKEEN ASSISTED LIVING LLC, and PROSPECT HOUSE ASSOCIATES LIMITED PARTNERSHIP,<br><br>*Defendants*. | Case No. 1:24-cv-12574-ADB |

**FINAL APPROVAL ORDER, FINAL JUDGMENT,
AND ORDER OF DISMISSAL WITH PREJUDICE**

**THE PARTIES** to the Class Action Settlement Agreement dated June 16, 2025 ("Agreement"), by and between plaintiffs Michael Cassamas and Michael Forbes (collectively, "Plaintiffs"), and defendants HallKeen Management, Inc.; HallKeen Assisted Living Communities LLC; Prospect Housing Group LLC; HallKeen Assisted Living LLC; and Prospect House Associates Limited Partnership (collectively "Defendants"), having moved pursuant to Federal Rule of Civil Procedure 23 (the "Motion") [Doc. No. 32], for an order finally approving the settlement of the above-captioned action (the "Action"), in accordance with the Settlement Agreement (including its exhibits, the "Agreement") [Doc. No. 22-1], which sets forth the terms and conditions for a proposed settlement of the Action and its dismissal with prejudice.

On July 1, 2025, this Court entered an Order that preliminarily approved the Agreement and conditionally certified the Settlement Class for settlement purposes only (the "Preliminary Approval Order") [Doc. No. 26]. Due and adequate notice was given to the Settlement Class in

1

compliance with the procedures set forth in the Agreement and the Preliminary Approval Order. The Court conducted a hearing on October 30, 2025, to consider, among other things, whether the settlement should be approved as fair, reasonable, and adequate, whether Class Counsel's request for approval of attorneys' fees and expenses is reasonable and should be approved by the Court, and whether Class Representatives' request for approval of service awards is reasonable and should be approved by the Court. The Court also considered any properly filed objections to the settlement at that time.

Being fully informed of the premises, and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. This Final Approval Order and Judgment incorporates by reference the definitions in the Agreement, and all terms used herein shall have the same meanings as set forth in the Agreement, unless otherwise defined in this Order.

2. The Court finds that the Agreement is the product of good faith, arm's-length negotiations by the Parties, with the substantial involvement of an independent, nationally respected mediator, and that each Party was represented by experienced counsel.

3. This Court has subject matter jurisdiction over the Action, and, for purposes of this settlement only, personal jurisdiction over all the Parties, including all Settlement Class Members.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and consistent with due process, this Court hereby approves the Agreement and finds that the Settlement is, in all respects, fair, just, reasonable, and adequate to the Settlement Class Members, and the Parties are hereby directed to perform its terms.

5. The Parties dispute the validity of the claims in this litigation, and their dispute underscores not only the uncertainty of the outcome, but also why the Court finds the Agreement

to be fair, reasonable, adequate, and in the best interests of the Class Members. Beyond facing uncertainty regarding the resolution of those issues, by continuing to litigate, Class Members may also face substantial challenges and delays in attempting to certify a class and in surviving an appeal of any class certification order entered in this Action, as well as surviving an appeal of any other rulings rendered during a trial of the Action.

6. This Court hereby certifies, solely for purposes of effectuating this settlement, the "Settlement Class" defined as follows:

> All LIHTC-PACE residents of Prospect House (past and present), alive as of the date of the Agreement, who pay or have paid Ancillary Fees between the date that is four years prior to the filing of the Complaint and the Effective Date. Included within the Settlement Class are the legal representatives, heirs, successors-in-interest, transferees, and assignees of Class Members, provided, however, that the Class Member was living as of the date of the Agreement.

For purposes of this settlement only, the Settlement Class meets each of the requirements of Fed. R. Civ. P. 23(a) and is certified pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3). Settlement Class Members had the right to exclude themselves by way of the opt-out procedure set forth in the Preliminary Approval Order. No persons requested exclusion from the Settlement Class by way of the opt-out procedure.

7. This Court finds that the Class Notice was provided to the class consistent with the Preliminary Approval Order and that it was the best notice practicable and fully satisfied the requirements of the Federal Rules of Civil Procedure, due process, and applicable law.

8. This Court finds that there are no objections to the Settlement by Settlement Class Members or that such objections, if any, have been overruled.

9. This Court dismisses with prejudice on the merits and without costs (except as otherwise provided in the Agreement) the above-captioned Action (subject to retention of jurisdiction to enforce the settlement as described in the Agreement).

10. Class Representatives and each Class Member who has not opted out of the Settlement in accordance with the terms of the Agreement will be deemed to have completely released and forever discharged the Released Parties from all claims and causes of action set forth in the Complaint, including any and all claims, demands, actions, causes of action, proceedings, judgments, liens, obligations, damages, liabilities, penalties, punitive or exemplary damages, consequential damages, damages based on a multiplication of compensatory damages, or statutory damages, of any nature whatsoever, legal or equitable or administrative or regulatory, known or unknown, whether now existing or hereafter arising, whether or not heretofore asserted, relating to, or based upon, the facts and claims alleged or that could have been alleged in the Complaint.

11. This Court approves an award to Class Counsel in the amount of $130,000 in attorneys' fees and costs, to be paid by Defendants within thirty (30) calendar days after the Effective Date. The Court approves service awards of $2,000 to be paid by Defendants to each of the Class Representatives, including to the estate of a deceased Plaintiff, Mr. John Macmaster, within thirty (30) calendar days after the Effective Date. This Court, having presided over the above-captioned action and having considered the materials submitted by Class Counsel in support of final approval of the settlement, as well as their request for attorneys' fees and costs, finds the awards appropriate based on the following factors:

    a. The Settlement provides substantial benefits for the class.

    b. The requested award of attorneys' fees and expenses is within the range of reasonable fees for similar class action settlements.

    c. The requested fees are well below the total lodestar of Class Counsel without a multiplier, based on the declaration submitted to the Court.

      d.      This litigation raised numerous questions of law and fact, Class Counsel were opposed by highly skilled defense counsel, and there was substantial risk that Plaintiffs would not prevail on some or all of their claims.

      e.      The Settlement's terms were negotiated at arm's length and without collusion, with the assistance of a highly qualified mediator.

      f.      The fees will be paid in addition to and will not diminish any class settlement.

      g.      The service awards are reasonable in light of Plaintiffs' service to the Settlement Class based on declarations submitted by counsel to the Court.

12.    The Released Parties may file the Agreement and/or this Final Approval Order and Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar, reduction, set-off, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.    Except as otherwise set forth in the Agreement, without affecting the finality of this Final Approval Order and Judgment in any way, this Court retains continuing jurisdiction to implement the Agreement and to construe, enforce, and administer the Agreement and this settlement, as described in the Settlement Agreement. Class Counsel will continue in their role to oversee all aspects of the Agreement and settlement.

14.    If the Effective Date, as defined in the Settlement Agreement, does not occur for any reason whatsoever, this Order and the Preliminary Approval Order shall be deemed vacated and shall have no force or effect whatsoever.

15. If an appeal, writ proceeding, or other challenge is filed as to this Final Approval Order and Judgment, and if thereafter the Final Approval Order is not ultimately upheld, all orders entered, stipulations made, and releases delivered in connection herewith, or in the Agreement or in connection therewith, shall be null and void to the extent provided by and in accordance with the Agreement.

**IT IS SO ORDERED.**

DATE: October 30, 2025

*/s/ Allison D. Burroughs*
**HON. ALLISON D. BURROUGHS**
**UNITED STATES DISTRICT JUDGE**